OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court for further proceedings in accordance with this memorandum.
Section 652-a of the County Law permits the Sheriff in certain counties, including Wayne County, to continue "the appointment and promotion of deputy sheriffs” until June 30, 1991. The statute was adopted in response to an amendment to the State Constitution which eliminated the basis for exempting certain employees of the Sheriff from the Civil Service Law (see, Thoubboron v New York State Dept, of Civ. Serv., 79 NY2d 982) and it was designed to provide "time during which a fair and orderly means of dealing with the many issues raised by the constitutional amendment are addressed and resolved”. (1990 NY Legis Ann, at 199, 200.) The statute was amended in 1991 to permit the Sheriff to continue to make such appointments through March 31, 1992. (L 1991, ch 602.)
Each of the four petitioners in this case was appointed by the Sheriff of Wayne County to serve as a guard in the county jail, a position previously designated "deputy sheriff” but at the time of the appointments was defined as "correction officer”. The appointments occurred in 1990, during the effective period of County Law § 652-a, but the respondent refused to consider them valid, claiming that the statute only applied *948 to those performing duties as police officers, in positions specifically designated as "deputy sheriff”, and had no application to Sheriff’s appointees serving as correction officers in the jails. The courts below agreed, noting that there is a substantial difference between the duties of the two positions.
The statute at issue here does not define the term "deputy sheriff”, but it is clear from its history that in this instance the Legislature did not use the term, or intend it to be used, in a narrow, technical way. The Governor’s memorandum approving the bill noted that "the mission of a sheriff’s department” is "varied”, and involves civil functions, traditional law enforcement in the community and "corrections work”. (1990 NY Legis Ann, at 199-200.) The primary concern was that the constitutional amendment has created "turmoil and uncertainty” concerning the validity of appointments, especially in law enforcement and corrections, which left the status of individuals recently appointed to such positions "in doubt” (ibid.). It also made it difficult to attract new individuals to fill vacancies, particularly in corrections which traditionally offered an opportunity for promotion to police work in the community (ibid.). The sponsors’ memoranda in both the Senate and the Assembly noted a similar concern with the impact of the change in the law on both the law enforcement and corrections activities of the Sheriff, not only with respect to recruitment and retention of persons needed to provide these services, but also with respect to the validity of the official actions taken by persons so appointed. (See, Mem of Senator Cook and Assemblyman Seminerio, A 6192-A, S 9012, Bill Jacket, L 1990, ch 372.) In short, the statute temporarily permitting the Sheriff to continue the appointive system was intended to maintain the status quo in order to prevent any disruption in either the law enforcement or corrections services provided by the Sheriff. Thus in this case the statute authorized the Sheriff in 1990 to make appointments to fill staff vacancies at the county jail as he had in the past, and the respondent erred in declaring the appointments of these four petitioners invalid because they were nominally for the position of correction officer instead of Deputy Sheriff.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur in memorandum; Judge Smith taking no part.
Order reversed, etc.